```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

REYNALDO LAUREANO,            )
                              )
        Plaintiff             )
                              )       No. 3:06-0220
v.                            )       JUDGE TRAUGER
                              )       MAGISTRATE JUDGE BRYANT
TENNESSEE DEPARTMENT          )
OF SAFETY,                    )
                              )
        Defendant             )

## REPORT AND RECOMMENDATION

This case was referred to the Magistrate Judge for report and recommendation on dispositive motions. (Docket Entry No. 3). The case was thereafter reassigned by Magistrate Judge Griffin to the undersigned. (Docket Entry No. 10).

Pending is plaintiff's Motion for Summary Judgment (Docket Entry No. 23), to which defendant has responded in opposition. (Docket Entry No. 32). Plaintiff thereafter filed his "Supplemental Motion for Summary Judgment" (Docket Entry No. 33) to which defendant responded (Docket Entry No. 34). For the reasons stated below, the undersigned RECOMMENDS that both of plaintiff's motions for summary judgment should be **DENIED**.

### The Claim

Plaintiff Reynaldo Laureano, who is proceeding *pro se*, alleges that he was wrongfully denied employment by the Tennessee Department of Safety because he is Hispanic. His employment discrimination claim is based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (Docket Entry No. 1).

Defendant Tennessee Department of Safety has admitted that plaintiff applied for employment and was not hired, but defendant has denied that its action constituted unlawful discrimination or was otherwise wrongful. (Docket Entry No. 5).

## Summary Judgment Under Rule 56

Plaintiff has filed his Motions for Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure. Rule 56(c), in pertinent part, states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Disputes over facts that might affect the outcome of the suit under governing law preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that there is no genuine issue of material fact. *Celotrex Corp. V. Catrett*, 477 U.S. 317, 324 (1986).

Plaintiff apparently misunderstands the operation of Rule 56. Although the moving party, here the plaintiff, bears the burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law, the plaintiff's own motion papers state: "Because genuine issues of material fact exist regarding whether the Department of Safety's articulated reasons for not hiring Mr. Reynaldo Laureano are

2

unworthy of credence and a pretext for illegal discrimination, defendant's motion must be denied." (Plaintiff's Motion for Summary Judgment, Docket Entry No. 23, at p. 1). (This statement that "defendant's motion must be denied" is further puzzling because, when plaintiff's motion was filed, defendant had no motion pending.) Similarly, plaintiff elsewhere in his motion stated: "Various factors, including inconsistent reasons for the decision and who was involved, show that there are genuine issues of material fact regarding whether the reasons advanced are a pretext for illegal discrimination." (Docket Entry No. 23, p. 3). Plaintiff clearly, and by his own admission, has failed to carry the moving party's burden of establishing the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. Accordingly, the undersigned recommends that plaintiff's Motion for Summary Judgment (Docket Entry No. 23) be denied.

Plaintiff has also filed a "supplemental motion for summary judgment" (Docket Entry No. 33) which asserts that plaintiff is entitled to summary judgment because defendant failed to file a timely response to plaintiff's Statement of Material Facts. Defendant, in response, states that plaintiff never filed or served a Statement of Material Facts as required by Local Rule 56.01(b). (Docket Entry No. 34). Plaintiff has not replied to this assertion, and the record before the Court does not show that plaintiff filed or served a Statement of Material Facts.

3

Accordingly, plaintiff's Supplemental Motion for Summary Judgment should be denied.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that plaintiff's Motion for Summary Judgment and Supplemental Motion for Summary Judgment should be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Judge. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 23rd day of August, 2007.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge